UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

ROBERT BURTON BEHR,                          Civil File No. 06-487 (JNE/JSM)

      Petitioner,

                                      **REPORT AND RECOMMENDATION**

v.

STATE OF MINNESOTA,

      Respondent.

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be SUMMARILY DISMISSED without prejudice pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

In April 2003, Petitioner pleaded guilty in the state district court for Hennepin County, Minnesota, to one count of first degree driving while impaired. He was sentenced to 42 months in prison, but his prison sentence was stayed and he was placed on probation, subject to certain conditions. In January 2004, the trial court revoked Petitioner's probation and sent him to prison, because he had consumed alcohol and failed to attend a treatment program.

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Petitioner appealed, and the Minnesota Court of Appeals concluded that the trial court had misapplied Minnesota state law, by revoking Petitioner's probation based on his failure to attend treatment. The case was remanded to the trial court for the purpose of determining whether there were any legally sufficient grounds for revoking Petitioner's probation. State v. Behr, No. A04-571 (Minn.App. 2004), 2004 WL 2857571 (unpublished opinion).

After the case was remanded, the trial court again concluded that Petitioner's probation should be revoked, and Petitioner again appealed. In the second appeal, Petitioner argued that the trial court had abused its discretion by (a) failing to properly consider his most recent behavior, and (b) wrongly relying, once again, on Petitioner's failure to attend treatment. The Minnesota Court of Appeals rejected Petitioner's second appeal, and upheld the revocation of his probation. Petitioner sought further review in the Minnesota Supreme Court, but that request was denied. State v. Behr, No. A05-338 (Minn.App. 2005), 2005 WL 2739674 (unpublished opinion), rev. denied, December 13, 2005.

Petitioner has now applied for federal habeas corpus review of his case. The present petition lists four grounds for relief: (1) that Petitioner's original guilty plea was "not made voluntarily;" (2) that Petitioner was deprived of his constitutional right to effective assistance of counsel; (3) that Petitioner was deprived of his "right to appeal;" and (4) that the revocation of his probation was an "abuse of discretion" by the trial court judge. (Petition, [Docket No. 1], pp. (5)-(6), ¶ 12.) None of Petitioner's current habeas claims can be entertained at this time, however, because they have not been fairly presented to the Minnesota state courts.

## II.    DISCUSSION

It is well-established that a federal court will not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies.  28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982).   This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors raised by state prisoners.  Baldwin v. Reese, 541 U.S. 27, 29 (2004); O'Sullivan, 526 U.S. at 844; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Rose v. Lundy, 455 U.S. at 518-19.

To exhaust his state court remedies, a prisoner must fairly present his federal constitutional claims to the highest available state court before seeking relief in federal court.  O'Sullivan, 526 U.S. at 845; Duncan, 513 U.S. at 365-66.  See also McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) ("before we may reach the merits of a habeas petition, we must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court").  Furthermore, a habeas petitioner must exhaust his state court remedies with respect to all of the claims that he wishes to raise in a federal habeas corpus petition.  A "mixed petition" -- i.e., one that includes both exhausted and unexhausted claims -- will be dismissed for non-exhaustion.  Rose, 455 U.S. at 510, 522.

In this case, Petitioner has not exhausted his state court remedies for any of the four grounds for relief listed in his habeas corpus petition.  The only claim that Petitioner has presented to the Minnesota Supreme Court is a claim that the trial court did not properly apply Minnesota law governing revocation of probation.  Because Petitioner has not

3

presented any federal constitutional claim to the Minnesota Supreme Court, he has no claim that can properly be raised and decided in a federal habeas corpus proceeding.[2]

Furthermore, there is a state court remedy that <u>might</u> still be available for Petitioner's unexhausted claims -- namely a motion for post-conviction relief brought under Minn.Stat. § 590.01.  The Court recognizes that Petitioner may be procedurally barred under state law from raising his unexhausted claims in a state post-conviction motion, if the state courts determine that those claims could have been previously raised on direct appeal.  <u>See</u> <u>McCall</u>, 114 F.3d at 757 ("Minnesota law provides that once the petitioner has directly appealed his sentence 'all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief'"), citing <u>State v. Knaffla</u>, 243 N.W.2d 737, 741 (Minn. 1976); <u>Roby v. State</u>, 531 N.W.2d 482, 484 (Minn. 1995).  However, it is preferable to have the Minnesota state courts, rather than the federal district court, decide which (if any) of Petitioner's unexhausted federal constitutional claims

---

[2] The Court entered two prior orders in this case, which directed Petitioner to show that his current federal constitutional claims had been fairly presented to, and decided on the merits by, the Minnesota Supreme Court.  In response to those orders, Petitioner submitted his petition for further review in the State Supreme Court.  (Petitioner's Response, [Docket No. 7], attachment.)  That petition clearly shows that Petitioner did not present any federal constitutional claim to the Minnesota Supreme Court; he only claimed that the trial court misapplied <u>state</u> law, and committed an "abuse of discretion," by revoking his probation without identifying any proper grounds for doing so.  The claim that Petitioner presented to the Minnesota Supreme Court appears to be quite similar to the claim described at Ground Four of the present petition.  However, if Petitioner actually intended his current Ground Four to be the same claim that he raised in his petition to the State Supreme Court, that claim would have to be summarily rejected, because it is not grounded on the federal Constitution.  <u>See</u> <u>Wainwright v. Goode</u>, 464 U.S. 78, 83 (1983) (<u>per</u> <u>curiam</u>) ("[i]t is axiomatic that federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension"); <u>Estelle v. McGuire</u>, 502 U.S. 62, 67 (1991) ("[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, law or treaties of the United States").

4

can still be heard and decided on the merits in state court, and which claims are barred by

the state's procedural rules.[3]

## III.    CONCLUSION

In sum, the Court finds that this action must be summarily dismissed, because

Petitioner has not satisfied the exhaustion of state court remedies requirement.  It will be

recommended that the action be dismissed without prejudice, however, so that Petitioner

can return to the state courts and attempt to exhaust his presently unexhausted claims.[4]

Petitioner may return to federal court -- if necessary -- after the state courts, including the

Minnesota Supreme Court, have reviewed and decided all of the claims that he seeks to

present in federal court.  See Ashker v. Leapley, 5 F.3d 1178, 1180 (8th Cir. 1993).[5]

_____

[3] Any claims that the state courts refuse to decide on the merits because of a state procedural rule will be procedurally defaulted, and will not be reviewable in a future federal habeas proceeding, except upon a showing of sufficient cause and prejudice to excuse the procedural default.  Coleman v. Thompson, 501 U.S. 722, 750 (1991).  See also Jones v. Jerrison, 20 F.3d 849, 853 (8th Cir. 1994), ("[f]ederal courts will not review a procedurally defaulted claim because 'a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance'"), quoting Coleman, 501 U.S. at 732.

[4] If Petitioner pursues this option, he should bear in mind that he will not satisfy the exhaustion requirement unless he also pursues every available avenue of appellate review, (if relief is not granted by the trial court).  See O'Sullivan, 526 U.S. at 845 ("[b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process") (emphasis added).

[5] Petitioner should note, however, that he will not be able to return to federal court with a new federal habeas corpus petition, unless he is still in custody at that time. 28 U.S.C. § 2254(a); Maleng v. Cook, 490 U.S. 488, 49091 (1989) (per curiam) (habeas petitioner must "be 'in custody' under the conviction or sentence under attack at the time his petition is filed").  Petitioner should also note that there is a one-year statute of

Finally, Petitioner's habeas corpus petition was accompanied by a motion seeking appointment of counsel.  (Docket No. 2.)  Because Petitioner has not pleaded a habeas corpus claim that can be entertained at this time, the Court will recommend that his motion for appointment of counsel be summarily denied.  See Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 780 (1995) (appointment of counsel should be considered if the claimant has stated a facially cognizable claim for relief).

## IV.    RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1.    Petitioner's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2.    Petitioner's application for a writ of habeas corpus be summarily **DISMISSED WITHOUT PREJUDICE**.

DATED:        March 31, 2006

s/ Janie S. Mayeron
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **April 18, 2006**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

---

limitations for federal habeas corpus actions, although the statute of limitations is tolled during any procedurally proper post-conviction proceedings.  28 U.S.C. § 2244(d).